# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS BREINER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:15-CV-114 TLS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Douglas Breiner, a pro se prisoner, filed a habeas corpus petition under 28 U.S.C.§ 2254 [ECF No. 1] challenging the prison disciplinary hearing, WCC 15-01-346, where the Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Violating a State Law in violation of prison rule A-100. On February 3, 2015, he was sanctioned with the loss of 365 days earned credit time and demoted to Credit Class 3. Breiner was found guilty of violating Indiana Code § 35-43-5-2 (Counterfeiting; Forgery; Application Fraud) because he created and submitted a document for a time cut which bore the signature of Education Director Steve Klosowski. In his petition, Breiner lists nine grounds.

Before addressing those specific arguments, it will help to have an understanding of the facts of this case. Breiner explains that

> In early December 2014, the plaintiff submitted all of his class paperwork from Spencer's "Problem-Solving" class to IDOC Education Director John Nally in Indianapolis, Indiana. One form contained Klosowski's signature but had otherwise not been completed. The plaintiff used the WCF Law Library to type in his name, IDOC number, date of course completion, and name of WCF Program Director.

(Mem. Law Supp. Pl.'s Habeas Corpus Pet. 3, ECF No. 1-2.) Even before the hearing, he wrote, "I submitted paperwork [to] the DOC-Central Office requesting time credit (the forms were

filled out by myself). This was a huge error in judgment on my part, for which I am asking leniency." (Report of Conduct 2, ECF No. 16-1.) It light of these statements, it is unclear why Breiner denies that he confessed. He argues that he is not guilty because he did not put Klosowski's signature on the form. He thinks that because it really was Klosowski's signature, he must be innocent. However, the crimes of Counterfeiting and Forgery are not interpreted that narrowly. Breiner admits that he put his personal information on a blank form that had been signed by Klosowski. Doing so made it appear that Klosowski had approved his request for a time cut. He also admitted to sending that form to the Central Office.

Indiana Code § 35-43-5-2(a) defines counterfeiting as knowingly or intentionally making "a written instrument in such a manner that it purports to have been made . . . by another person [or] by authority of one who did not give authority . . . ." Indiana Code § 35-43-5-2(b) defines forgery as making "a written instrument in such a manner that it purports to have been made . . . by another person [or] by authority of one who did not give authority" with the intent to defraud. It is unnecessary for a counterfeiter to "fake" a signature. Breiner admits that he made a document that purported to have been made and approved by Klosowski.[1] He admits that he sent it to the Central Office requesting a time cut. This is a confession and it is sufficient evidence of his guilt. In determining the sufficiency of the evidence, the Court "need look no further than one key piece of evidence: [his] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Nevertheless, the Court will now review the nine grounds he raises in his habeas corpus petition.

In Ground One, Breiner argues that, in violation of prison policy, he was denied the right to call his former supervisor as a witness. However, the violation of a prison rule is not a basis

---

[1] This is similar to taking a signed blank check and filling in the payee and dollar amount without the permission of the signatory. The signature is authentic, but the check is still counterfeit. So too here, the authenticity of Klosowski's signature is not relevant. What is relevant is that Klosowski did not approve the time cut which the form purported that he was requesting.

for habeas corpus relief.[2] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Nevertheless, an inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing that extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, Breiner requested a statement from Ms. Laura Spencer, but it was not obtained because she was no longer an employee at the prison. Though Breiner argues that she lived close by and it would have been easy to ask her for a statement, prison disciplinary hearing officers do not have the power to compel a response from those outside the prison. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Moreover, Breiner has not explained how her testimony could have been exculpatory. Breiner states that she and Klosowski argued, but that is not exculpatory. Perhaps she would have testified that Breiner had earned the time cut and was entitled to it. However, that would not be exculpatory either.

The question in this disciplinary hearing was not whether Breiner was entitled to a time cut, but whether he created a counterfeit document which fraudulently purported that Klosowski approved a time cut. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Moreover, the denial of evidence is harmless unless the prisoner shows that the evidence could have aided his defense. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Thus, it was not a due process violation to have not obtained a statement from Ms. Spencer.

---

[2] In other grounds, Breiner also argues that prison policies were violated. However, because this is not a basis for habeas corpus relief, it is unnecessary to note this argument each time it is presented by Breiner.

In Ground Two, Breiner argues that he was denied adequate notice of the charge against him and adequate time to defend against an amendment to the charge. However, the charge was not amended. Breiner mistakenly believes that he was "charged" when the investigator told him he would be charged with fraud. That was not a charge, it was merely the statement of the investigator. He was not charged until he was given the Conduct Report. He received that document on January 29, 2015. (Report of Conduct 1.) It charged him with "Violation of any State Law, Counterfeiting or [F]orgery" in violation of A-100. (*Id.*) The hearing was held five days later on February 3, 2015. (Report of Disciplinary Hr'g 1, ECF No. 16-8.) At that hearing he was found guilty of the same charge. Inmates must be given at least 24 hours' notice of the charges against them. *Wolff*, 418 U.S. at 564. Although Breiner argues that he did not have time to go to the law library before his hearing, *Wolff* does not require law library access before a disciplinary hearing. Therefore, this was not a denial of due process. *See White*, 266 F.3d at 768 ("*Wolff* . . . represents a balance of interests that should not be further adjusted in favor of prisoners.").

In Ground Three, Breiner argues that he was denied the assistance of a lay advocate of his choice. He also argues that his lay advocate was ineffective. However, Breiner was not entitled to a lay advocate. *See Wolff*, 418 U.S. at 570 (stating that a lay advocate is only required when the inmate is illiterate or the issues are complex.); *see also Miller v. Duckworth*, 963 F.2d 1002, 1003–04 (7th Cir. 1992); *Wilson-El v. Finnan*, 263 Fed. App'x 503, 506 (7th Cir. 2008). Breiner is not illiterate—he was working as a teacher's aide. (Mem. Law Supp. Pl.'s Habeas Corpus Pet. 2.) This case was not too complex for him to defend given that he had already confessed even before he was formally charged. Breiner was also very familiar with Indiana Code § 35-43-5-2 because he has been convicted of violating that statute ten prior times in six different cases: *State v. Breiner*,

46D02-1505-F6-446 (LaPorte Superior Ct.); *State v. Breiner*, 49G02-1401-FC-3675 (Marion Superior Ct.); *State v. Breiner*, 01C01-1106-FC-10 (Adams Cir. Ct.); *State v. Breiner*, 02D06-1310-FC-321 (Allen Superior Ct.); *State v. Breiner*, 01C01-1108-FD-18 (Adams Cir. Ct.); and *State v. Breiner*, 49G03-0405-FC-78481 (Marion Superior Ct.).

In Ground Four, Breiner argues that the sanction imposed by the DHO extended his release date beyond his maximum release date. In support of his argument, Breiner has attached a printout for one of his convictions showing the maximum release date for that conviction as May 30, 2019. (Misc. Exhibits 27, ECF No. 1-1.). Breiner argues that this proves that the DHO errored by writing March 26, 2020, on the Discipline Hearing Report as his new maximum release date. This is not Breiner's only conviction. The respondent has attached a copy of his various sentences and release dates, which shows that the maximum release date for all of his sentences is August 7, 2020. (Sentence Summ. 1, ECF No. 16-12.) Therefore, the DHO did not impose a disciplinary sentence beyond his maximum release date.

In Ground Five, Breiner argues that he was not permitted to cross-examine Klosowski, but he also acknowledges that he has no right to cross-examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (per curiam). He also argues that the DHO did not have a statement from Klosowski. However, Breiner did not request a statement from him. (*See* Notice of Disciplinary Hr'g (Screening Report) 1, ECF No. 16-4.) As previously explained, there was sufficient evidence to have found Breiner guilty. The absence of a statement from Klosowski was not a due process violation.

In Ground Six, Breiner argues that he was denied exculpatory evidence. Specifically, he wanted to take a lie detector test and to have a hand writing analysis to demonstrate that he did not sign Klosowski's name on the form. Due process requires access to witnesses and evidence

that are exculpatory. *Rasheed-Bey*, 969 F.2d at 361. However, as previously explained, it is not relevant whether Breiner signed Klosowski's name on the form. The fact that he prepared the form using Klosowski's signature without his consent and mailed it to the Central Office is sufficient to demonstrate that he is guilty. Thus, neither a lie detector nor a hand writing analysis that demonstrated that Breiner did not sign Klosowski's name on the form would have been exculpatory. Moreover, prisoners only have the right to request evidence which already exists, not to demand the creation of new evidence. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("[The prisoner] was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. App'x 889, 890–91 (10th Cir. 2006) (inmates not entitled to laboratory testing of substances); *Arthur v. Ayers*, 43 Fed. App'x. 56, 57 (9th Cir. 2002) (mem.).

In Ground Seven, Breiner argues that prison policy required the DHO to consider his mental health status before finding him guilty. As previously explained, violations of prison policy are not a basis for habeas corpus relief. Nevertheless, even if consideration of an inmate's mental health status was constitutionally mandated,[3] the DHO did so in this case. (*See* ECF No. 18-1.)

In Ground Eight, Breiner argues that a guard improperly confiscated his property without a confiscation slip when he was moved as a result of these charges. However, only the fact or duration of confinement can be challenged in a habeas corpus proceeding. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (per curiam). Nothing about the confiscation of this property is relevant to whether Breiner is guilty of this charge or whether he is entitled to habeas corpus relief.

---

[3] *Wolff* does not require consideration of mental health status as a part of prison disciplinary hearings, and *Wolff* "should not be further adjusted in favor of prisoners." *White*, 266 F.3d at 768.

In Ground Nine, Breiner argues that he was denied the opportunity to be heard at the disciplinary hearing because the screening officer took poor notes when he was screened. Specifically, Breiner argues that "his correct statements to Kearby were that he legitimately completed the 'Problem-Solving' class under Spencer's supervision, that he never attempted any fraudulent activity, and he never had access to any equipment papers or the like to engage in any illegal conduct." (Mem. Law Supp. Pl.'s Habeas Corpus Pet. 10.) However, nothing about the notes taken during his screening prevented him from presenting these same statements to the DHO. Moreover, as previously explained, it is irrelevant whether he properly completed the Problem-Solving class. At the hearing, the DHO noted that Breiner said, "I forged no signatures. That signature was not a forgery." (Report of Disciplinary Hr'g 1.) He was clearly not prevented from communicating his belief that he had not attempted any fraudulent activity. Finally, he could have testified at the hearing that he did not have access to the equipment and papers necessary to engage in illegal conduct, even though that would have contradicted his previous (and current) statements that he prepared the document and sent it to the Central Office. Nevertheless, he was clearly not prevented from testifying at the hearing as a result of the notes made during his screening.

For these reasons, the habeas corpus petition is DENIED.[4] The clerk is DIRECTED to close this case.

SO ORDERED on March 29, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[4] Because Breiner is a state prisoner challenging a decision by a prison disciplinary board, a certificate of appealability is not required. *Evans v. Circuit Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) ("[A] certificate of appealability is unnecessary when a state prisoner contends that a prison disciplinary board, an entity within the state's executive branch, has improperly rescinded some of the prisoner's good-time credits.").